IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MEREDITH SEILOFF and
FRANK SEILOFF,

    Plaintiffs,

v.                                                No. 1:24-cv-01080-JDB-tmp

NATIONWIDE INSURANCE COMPANY
OF AMERICA, *et al.,*

    Defendants.

_____

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE
_____

    The instant matter was removed to this Court on April 10, 2024. (Docket Entry ("D.E.") 1.) At the time of removal, the Plaintiffs, Meredith and Frank Seiloff, were represented by Attorney Drayton Berkley. Two months later, on June 17, 2024, Berkley moved to withdraw as Plaintiffs' attorney. (D.E. 14.) In that filing, Berkley identified substitute counsel as Brantley Pierce, a lawyer located in Coral Gables, Florida, and, according to the certificate of service, forwarded a copy of the motion to him. The Court granted the motion in an order entered the following day. (D.E. 16.) After Attorney Pierce failed to file a notice of appearance, the Court, on July 22, 2024, directed Plaintiffs to advise it in writing within thirty days of the status of their retention of new counsel or of their intention to represent themselves. (D.E. 18.) Plaintiffs were admonished therein that "[f]ailure to timely comply with [the] order may result in dismissal of this case pursuant to Rule 41 of the Federal Rules of Civil Procedure." (*Id.* at PageID 67-68.) Copies of the order were sent to Pierce at his office address and to Plaintiffs at the only address for them contained in the record. The deadline for compliance with the Court's order came and went

without response. Therefore, on August 29, 2024, the Court entered an order directing Plaintiffs to show cause within twenty days why this matter should not be dismissed under Fed. R. Civ. P. 41. (D.E. 20.) The order was sent to the same address as the previous order as well as to an email address for Plaintiffs also contained in the record. No response to the show cause order has been filed and the time for such response has expired.

Rule 41(b) permits dismissal of a claim "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b). Four factors are generally relevant to the Court's consideration under the rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Under the first consideration, parties seeking to avoid dismissal must show their failure to comply with the orders of the court was the result of inability to comply, not willfulness or bad faith. *Atwater v. Bank of N.Y. Mellon Trust Co., N.A.*, 586 F. App'x 222, 222-23 (6th Cir. 2014) (per curiam). There is no indication that such is the case here. As to the second, there appears to be some prejudice to the Defendants, as they have participated in the case up until Attorney Berkley's withdrawal and, afterward, propounded interrogatories and requests for production of documents to Plaintiffs and moved for dismissal of the complaint. *See Rodriguez,* 62 F.4th at 278 ("Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the wasted time, money, and effort in pursuit of cooperation which the non-dilatory party was legally obligated to provide."). With respect to the third factor, "[w]hen a plaintiff has not been given

notice that dismissal is contemplated, a district court should impose a penalty short of dismissal[.]" *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 840 (6th Cir. 2019) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997)) (internal quotation marks omitted).  Prior notice was present in the instant matter, as the Plaintiffs were clearly warned that failure to comply with orders of the Court might result in dismissal of their case.  Finally, while courts are not required to always articulate their consideration of lesser sanctions under the fourth factor, *Atwater*, 586 F. App'x at 223, the undersigned can conceive of no lesser sanction it could impose on the Plaintiffs under the circumstances of this case that would move this matter forward, as it appears to have been abandoned.  The Court's consideration of the foregoing factors, therefore, weighs in favor of dismissal under Rule 41(b).  *See Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (per curiam) (district court's dismissal of case upheld where plaintiff ignored court order after being warned a failure to comply risked dismissal of his complaint).

    For the reasons articulated herein, this matter is DISMISSED and the Clerk is DIRECTED to enter judgment.  The Clerk is further DIRECTED to send copies of this order and the judgment to Plaintiffs at the street and email addresses contained on the docket.

    IT IS SO ORDERED this 26th day of September 2024.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE